NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA ROBINSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MILLER STARK KLEIN & ASSOCIATES,<br><br>　　　　Defendant. | Case No. 2:19-cv-04444<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW comes ANGELA ROBINSON ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of MILLER STARK KLEIN & ASSOCIATES ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA")

1

under 47 U.S.C. § 227 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Los Angeles County, California, which is located within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant advertises that it "handles all types of collections."[1] Defendant is a collection agency with its principal place of business located at 1811 Sardis Road North, Suite 218, Charlotte, North Carolina 28270. Defendant regularly collects from consumers located in the State of California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

---

[1] http://www.millerstarkklein.com/about-us/

9. The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject debt") Plaintiff purportedly owed to J.P. Morgan Chase Bank ("Chase") since 2004.

10. Around May of 2019, Plaintiff received a collection call from Defendant and was subjected to a pre-recorded message asking her to return Defendant's call to settle an outstanding debt.

11. Defendant was confused as to how Defendant obtained her cellular phone number as she did not have a relationship with Defendant.

12. Upon information and belief, Defendant obtained Plaintiff's information through skip-tracing technology.

13. Upon returning Defendant's call, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

14. Plaintiff explained to Defendant that she did not recall owing the subject debt and asked Defendant to provide her with validation of the subject debt.

15. In response, Defendant threatened to enforce a purported "judgement" it had against Plaintiff to collect upon the subject debt.

16. Upon information and belief, there is no judgment against Plaintiff and Defendant impermissibly threatened to sue upon a debt that is outside of the statute of limitations, even if it was a valid debt owed by Plaintiff.

17. Thereafter, Defendant e-mailed debt collection correspondence to Plaintiff, which contains the following "dunning" language:

> Miller Stark Klein and Associates purchased this account with the legal right to collect, settle or close for the amount noted above. A consumer can dispute all or any part of a debt at any time, but only a written request sent within thirty days of receipt of the first written notice of the debt triggers validation rights under the FDCPA. 15 U.S.C. This letter serves as notice that your outstanding account with "CHASE MANHATTAN BANK" is now being handled by Miller Stark Klein and Associates. If you have any questions regarding your payment or other agencies contacting you please contact our office immediately at 877-219-7372 for any further questions. Please retain this letter for your records.

18. The "dunning" language referenced in paragraph 17 is not compliant with 15 U.S.C. § 1692g.

19. Moreover, Defendant has failed to disclose itself as a debt collector to Plaintiff on at least one occasion.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Wajda regarding her rights.

21. Plaintiff has incurred costs and expenses consulting with and retaining her attorneys as a result of Defendant's conduct.

22. Plaintiff has suffered concrete harm due to Defendant's conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);

4

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

30. Defendant violated §1692e, e(2), e(5), and e(10) when it employed deceptive means to attempt to collect upon the subject debt. Upon information and belief, the subject debt is not lawfully collectible through a lawsuit because of the relevant statute of limitations. Therefore, Defendant's threat of enforcing a judgment was issued with the sole purpose of intimidating Plaintiff into making a payment. Moreover, Plaintiff would have restarted the statute of limitations had she submitted a payment to Defendant. Therefore, any reasonable fact finder will conclude that Defendant's goal, when employing these coercive collection practices, was to "revive" the period of time Plaintiff could be sued for the subject debt. Furthermore, upon information and belief, there is no "judgement" against Plaintiff. Thus, Defendant deceptively attempted to collect upon the subject debt.

31. Defendant also violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector in its communications with Plaintiff. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from prosecuting an FDCPA claim against it.

    **b.  Violations of FDCPA § 1692f**

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when it unfairly attempted to collect upon the subject debt by threatening legal action that it was not entitled to pursue. Defendant's objective was to worry and confuse Plaintiff.

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector, and unlawfully designed to shield itself from any potential retaliation.

   **c. Violations of FDCPA § 1692g**

35. The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires a debt collector to, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing" several pieces of information, including: "(1) the amount of the debt; (2) the name [of the original creditor]; (3) a statement [regarding disputing the debt within 30 days]; (4) a statement [outlining what happens if a consumer disputes a debt]; and (5) a statement that, upon written request . . . the debt collector will provide the consumer with the name and address of the original creditor . . . ."

36. Defendant violated § 1692g by failing to provide Plaintiff with all of the necessary information required under 15 U.S.C. § 1692g in its dunning correspondence.

WHEREFORE, Plaintiff, ANGELA ROBINSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

   e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

   f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

39. Defendant employed pre-recorded messages in connection with its communications directed towards Plaintiff's cellular phone.

40. Defendant violated the TCPA by using pre-recorded messages, without Plaintiff's consent, when contacting Plaintiff's cellular phone. Plaintiff has never had a relationship with Defendant, thus Plaintiff has not provided it with her phone number or with consent to contact her using pre-recorded messages.

41. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

42. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ANGELA ROBINSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

45. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

46. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

47. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

48. As outlined above, through its attempts to collect upon the subject consumer debt, Defendant violated § 1788.17; and §§1692e, and f. Defendant deceptively attempted to collect upon the subject debt by threatening to pursue legal action that is barred by the statute of limitations.

Moreover, Defendant failed to comply with 15 U.S.C. § 1692e(11) on at least one of its communications with Plaintiff.

49. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, ANGELA ROBINSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: May 22, 2019                 Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com